IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



RAHEEM S. AL-AZIM, *et al.*,

    Plaintiffs,

v.                                        Civil Action No. **3:14CV339**

**J. EVERETT,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Raheem S. Al-Azim, Charles X, and Victor X ("Plaintiffs"), Virginia inmates proceeding *pro se*, have submitted this civil action. The matter is proceeding on the Plaintiffs' Amended Complaint (ECF No. 36). The following claims remain before the Court:[1]

Claim 1    (a) "Defendants Clarke, . . . Hobbs, . . . and Washington violated [Victor X's and Al-Azim's] First Amendment[2] right to practice their religion by refusing to provide them a diet reasonably consistent with *How to Eat to Live*, Volumes 1 and 2, by the Most Honorable Elijah Muhammad." (Am. Compl. 1.)[3]
(b) Defendants Clarke, Hobbs, and Washington violated Victor X's and Al-Azim's rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA")[4] by failing to provide a diet consistent with *How to Eat to Live*. (*Id.* at 10.)

The Court referred Claims 1(a) and 1(b) to the Magistrate Judge for all further proceedings, including an evidentiary hearing, if necessary. *See Al-Azim*, 2016 WL 4472964, at *10.

---

[1] By Memorandum Opinions and Orders entered on August 23, 2016 and August 3, 2015, the Court dismissed the majority of Plaintiffs' claims. *See Al-Azim v. Everett*, No. 14cv339, 2016 WL 4472964, at *10 (E.D. Va. Aug. 23, 2016); *Al-Azim v. Everett*, No. 14cv339, 2015 WL 4634456, at * 7–8 (E.D. Va. Aug. 3, 2015).

[2] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

[3] The Court corrects the capitalization, spelling, and punctuation in the quotations from Plaintiffs' submissions.

[4] Religious Land Use and Institutionalized Persons Act ("RLUIPA") of 2000, 42 U.S.C. §§ 2000cc *et seq*.

On November 15, 2016, the Magistrate Judge conducted an evidentiary hearing on the above claims. On March 3, 2017, the Magistrate Judge issued a Report and Recommendation wherein he recommended that the Court dismiss Claims 1(a) and 1(b). (ECF No. 83.) The Court advised Victor X and Al-Azim that they could file objections to the Report and Recommendation within fourteen (14) days of the date of entry thereof.[5]

More than fourteen (14) days have elapsed from the entry of the Report and Recommendation and the Court has not received any objections. Upon review of the Report and Recommendation, the Report and Recommendation will be ACCEPTED AND ADOPTED. Claims 1(a) and 1(b) will be DISMISSED WITH PREJUDICE. The action will be DISMISSED.

An appropriate Order shall issue.

Date: 3-22-17
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

---

[5] "The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).